Jerry J. Jarzombek, Esq.
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JACOB SHULER, <br><br> Plaintiff, <br><br> vs. <br><br> HZB FINANCIAL SERVICES, INC., <br><br> Defendant. | Civil Action No. <br><br> **COMPLAINT** <br> **and** <br> **DEMAND FOR JURY TRIAL** <br><br> (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1. Plaintiff, Jacob Shuler, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2. Defendant, HZB Financial Services, Inc. ("HZB") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to a payday lender. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. The alleged debt is not a business debt, and would have been incurred for ordinary living expenses.

## Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Eastern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

## Parties

5. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. HZB is an entity engaged in the business of collecting consumer debts in the Eastern District of Texas. The principal purpose of HZB's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. HZB is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). HZB is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

7. HZB is a non-resident of the State of Texas who has engaged in acts constituting business in this state as defined in Tex. Civ. Prac. & Rem. Code Ann. § 17.042, but who does not maintain a place of business or designated agent for service of process in this state.  Pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 17.044, Defendant may be served by serving their statutory agent for service of process, the Secretary of State of Texas, who should immediately forward a copy of the citation and petition to Defendant, by registered or certified mail, return receipt requested, at Defendant's last known home office address of:

> HZB Financial Services, Inc.
> 104 Sumner Place Court
> Peachtree City, GA 30269

### Factual Allegations

8. On or about November 1, 2010 HZB left a message for Jacob Shuler on his cellular telephone, in an attempt to collect the Debt described above.  At the time of the message, Plaintiff would have been at home in Denton County, Texas or at work, in Collin County, Texas.  The message from HZB follows:

> "This is an extremely important message for Jacob Shuler.  This is Catherine Holt, manager of litigation from Henry, Zachary and Best ... investigating a deposit account fraud complaint that's been filed against you.  I'm just trying to rule out the possibility of fraud.  Not certain if you are aware of the claim, but you social security number ending in 6435 has been attached to the fraud case, now scheduled to be presented to our local attorney network in your county to take over the case and determine how to proceed.  Please call me back directly at 678-369-0126.  Thank you."

9. On or about January 17, 2011 HZB left a message for Jacob Shuler on his cellular telephone, in another attempt to collect the Debt described above.  At the time of the message,

Plaintiff would have been at home in Denton County, Texas or at work, in Collin County, Texas. The second message from HZB follows:

> "Mr. Shuler, this is investigator Kevin Hutchinson ... I need you to call me back at 678-615-1703.  Friday, I receive [sic] a file on my desk, case number 34031540 in which an allegation of wire fraud is being presented against you and I was asked to look over the documents and make a determination if there is enough evidence to forward to the Attorney General office in the State of Texas, with the possibility of getting a court appearance on it, so I do need your immediate attention on this matter.  678-615-1703 is the number I could reach investigator Kevin Hutchinson."

10.     The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

11.     The foregoing acts and omissions of the Defendant were undertaken by it willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

12.     The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

### First Claim for Relief

13.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the a. following:

> a.   In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included allegations of fraud; implication that litigation would occur; that Plaintiff's acts could be brought to the attention of the Attorney General of Texas; and/or that Plaintiff would have to appear in court.

    b.    In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt, including statements that Plaintiff had committed fraud; the implication that litigation would occur; that Plaintiff's acts could be brought to the attention of the Attorney General of Texas; and/or that Plaintiff would have to appear in court.  Another reason for these representations was to create a false sense of urgency and wrench money from the Plaintiff.

    c.    In violation of 15 U.S.C. § 1692e(11) the Defendant did not disclose in the subsequent communication that the communication is from a debt collector.

    d.    In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included statements that Plaintiff had committed fraud; the implication that litigation would occur; that Plaintiff's acts could be brought to the attention of the Attorney General of Texas; and/or that Plaintiff would have to appear in court.

14.    Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiffs for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

15.    The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.  The Defendant's violations of the TDCA include, but are not limited to the following:

    a.    In violation of Tex. Fin. Code § 392.301(a)(2), the Defendant accused falsely or threatened to accuse falsely, a person of a crime.

    b.    In violation of Tex. Fin. Code § 392.301(a)(8), the Defendant took an action prohibited by law.

    c.    In violation of Tex. Fin. Code Ann. § 392.302(1), Defendant attempted to collect a debt through oppression, harassment, or abuse by using language intended to abuse unreasonably the hearer or reader.

    d.    In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt.

      e.      In violation of Tex. Fin. Code § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

16. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

17. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to the following:

      a.      Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

18. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiff for injunctive relief and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, the Plaintiffs pray that this Court:

1. Declare that Defendant's actions violate the FDCPA, the TDCA and the DTPA.

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiffs and against Defendant for statutory damages, actual damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4. Grant such further relief as deemed just.

Respectfully submitted,

*/s/ Jerry J. Jarzombek*
———————————————————
Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

Respectfully submitted,

*/s/ Jerry J. Jarzombek*
———————————————————
Jerry J. Jarzombek
Texas Bar No. 10589050

THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile